UNITED STATES of America,
Plaintiff-Appellee,

v.

George Alberto BELTRAN,
Defendant-Appellant.

No. 16-50232

United States Court of Appeals,
Ninth Circuit.

Submitted April 11, 2017 *

Filed April 19, 2017

Colin M. McDonald, Assistant U.S. Attorney, US Department of Justice, Southern District of California, San Diego, CA, Matthew Craig Brehm, Assistant U.S. Attorney, Helen H. Hong, Assistant U.S. Attorney, Michael Emerson Lasater, Esquire, U.S. Attorney, Office of the US Attorney, San Diego, CA, for Plaintiff-Appellee

George Alberto Beltran, Pro Se

Before: GOULD, CLIFTON, and HURWITZ, Circuit Judges.

MEMORANDUM **

George Alberto Beltran appeals pro se from the district court's order denying his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Beltran contends that he is entitled to a sentence reduction under Amendment 782

to the Sentencing Guidelines. We review de novo whether a defendant is eligible for a sentence reduction under section 3582(c)(2). See United States v. Paulk, 569 F.3d 1094, 1095 (9th Cir. 2009). Beltran is not eligible for a sentence reduction because his sentence was not "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Rather, his sentence was based on the statutory mandatory minimum under 21 U.S.C. § 960(b)(1)(B). Thus, the district court properly denied relief. See Paulk, 569 F.3d at 1095.

Beltran's additional claims are not cognizable under section 3582(c)(2). See Dillon v. United States, 560 U.S. 817, 831, 130 S.Ct. 2683, 177 L.Ed.2d 271 (2010) (alleged sentencing errors are "outside the scope of the proceeding authorized by § 3582(c)(2)").

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.